COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-013-CV

 

 

IN THE INTEREST OF J.M.R.

 

 

 

                                              ------------

 

            FROM
THE 367TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

 

William Trantham is
attempting to appeal the trial court=s order disqualifying him from representing appellant Jerry Runnels in
the underlying child custody proceeding.[2]  We dismiss Trantham=s appeal for want of jurisdiction.








Generally, an appeal is
available only to parties named of record in the trial court.[3]  In this case, the only two parties named of
record in the trial court were Christy Wortman and Jerry Runnels.  Trantham was not a party; he was merely
Runnels=s attorney.








Trantham argues, however, that he has standing to appeal the
disqualification order because he is named in the order, is bound by it, and is
aggrieved by it.  We disagree.  Runnels, not Trantham, is aggrieved by the
trial court=s order
because the order precludes Runnels from being represented in the underlying
case by the attorney of his choice (Trantham).[4]  Further, the controversy over who can
represent Runnels is between him and Wortman, not between Wortman and Trantham.[5]  Accordingly, we dismiss Trantham=s appeal for want of jurisdiction.[6]

 

PER CURIAM

 

PANEL
D:  CAYCE, C.J.; LIVINGSTON and
DAUPHINOT, JJ.

 

DELIVERED:  May 24, 2007 











[1]See Tex. R. App. P. 47.4.





[2]The
trial court severed its order of disqualification into a separate cause number
from the child custody proceeding; therefore, the disqualification order is
final and appealable.  See Nat=l
Med. Enterps., Inc. v. Godbey, 924 S.W.2d 123, 133 (Tex.
1996) (orig. proceeding).





[3]City
of San Benito v. Rio Grande Valley Gas Co., 109 S.W.3d 750, 754
(Tex. 2003); see Tex. R. App. P.
25.1(b) (providing that a timely-filed notice of appeal Ainvokes
the appellate court=s
jurisdiction over all parties to the trial court=s
judgment or order appealed from@) (emphasis supplied).





[4]See
Nootsie, Ltd. v. Williamson County Appraisal Dist., 925
S.W.2d 659, 661 (Tex. 1996) (stating that a party has standing when he is
personally aggrieved).





[5]See
id. at 662 (noting that the test for standing in Texas requires a real
controversy between the parties).





[6]Runnels=s
appeal remains pending.